NO. 07-08-0117-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 17, 2008


______________________________



IN RE TOM BERNSON, D/B/A BERNSON ENTERPRISES, RELATOR


_______________________________



 

Before CAMPBELL, and HANCOCK, JJ. and BOYD, S.J. (1)

ON PETITION FOR WRIT OF MANDAMUS


 On March 17, 2008, relator Tom Bernson d/b/a Bernson Enterprises filed a petition
for writ of mandamus seeking an order compelling the trial court to grant additional time
for discovery in the underlying case. Because trial of the underlying case was scheduled
to begin on March 17, and as the essence of relator's requested relief by this original
proceeding is additional discovery time, relator contemporaneously filed a motion for
emergency relief seeking a stay of the trial. On March 17, we denied relator's request for
emergency relief. 

 On April 11, relator filed a pleading with this court explaining that the underlying
case was tried, the jury answered all questions submitted in his favor, and he has
submitted a proposed judgment to the trial court. According to relator, however, at trial he
chose not to present claims he deemed dependant on the discovery he alleges the trial
court wrongly denied. Relator asserts the trial court's entry of a judgment thus may not
cure the harm caused by its denial of additional discovery. Relator concludes his pleading
by asking us to either leave his petition for writ of mandamus pending until the trial court
enters judgment in the underlying case or reach the merits of his petition. We will address
the merits.

 Relator's complaint with the trial court arises from the assertedly wrongful denial of
discovery by that court. The underlying case now has been tried. To obtain relief by
mandamus, relator must show the trial court clearly abused its discretion and he possesses
no adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig.
proceeding). A court of appeals may not issue a writ of mandamus if the record fails to
demonstrate the lack of an adequate remedy on appeal. In re Tex. Dep't of Family &
Protective Servs., 210 S.W.3d 609, 612 (Tex. 2006) (orig. proceeding). A writ of
mandamus is not a substitute for an appeal. See Walker, 827 S.W.2d at 840-41. The
underlying case having been tried, we have nothing to demonstrate that appeal of the trial
court's judgment would not provide an adequate remedy for relator's complaint. 
Accordingly, relator's petition for writ of mandamus is denied. Tex. R. App. P. 52.8(a).

 

 James T. Campbell

 Justice


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



committed against him. Relator filed his petition for writ of mandamus December 8, 2004,
asserting that Judge Emerson took no action on the complaint. 

 A writ of mandamus issues only to correct a clear abuse of discretion or the violation
of a duty imposed by law when there is no other adequate remedy at law. Canadian
Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). It is the
relator's burden to show entitlement to the relief being requested. See generally Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator's
petition seeks a writ requiring the trial court to issue arrest warrants against each of the real
parties in interest. Relator argues that under articles 7.01 and 15.03 of the Code of
Criminal Procedure Judge Emerson has a ministerial duty to issue the warrants he seeks.

 Chapter Seven of the Code of Criminal Procedure governs "Proceedings Before
Magistrates to Prevent Offenses." Article 7.01 provides:

 Whenever a magistrate is informed upon oath that an offense is about to be
committed against the person or property of the informant, or of another, or
that any person has threatened to commit an offense, the magistrate shall
immediately issue a warrant for the arrest of the accused: that he may be
brought before such magistrate or before some other named in the warrant. 


Tex. Code Crim. Proc. Ann. art. 7.01 (Vernon 1981). 

 There are at least two reasons why relator's argument fails to show the court below
abused its discretion or violated a mandatory duty. First, relator's "complaint" alleged the
three officials for whom he sought arrest committed offenses in the past, not that they were
about to commit an offense in the future. Secondly, article 7.01 does not require a
magistrate to accept a complainant's contention that particular conduct constitutes an
offense. With regard to relator's contention the real parties in interest made a false entry
in a governmental record, he does not appear to challenge the factual basis of the events
giving rise to the charge, only that prison officials erred in treating those actions as extortion
under the prison rules. Relator has failed to present any evidence of the contents of the
prison rule at issue. Moreover, we cannot agree that relator's disagreement with prison
officials over the characterization of his conduct shows that acting on their view of the rule
made the officials' documentation of the charge against relator "false" under Section
37.10(a) of the Penal Code. Similarly, with regard to relator's allegation of official
oppression, nothing in his complaint required Judge Emerson to conclude the officials
intentionally took any action "knowing [their] conduct is unlawful." See Tex. Penal Code
Ann. § 39.03(a) (Vernon 2003).

 Relator next contends article 15.03 makes the issuance of an arrest warrant a
ministerial duty which Judge Emerson failed to perform. Relator quotes a portion of that
statute providing a summons "shall summon the defendant to appear before a
magistrate[.]" Tex. Code Crim. Proc. Ann. art 15.03(b) (Vernon 1981). The sentence from
which relator quotes reads "A summons may be issued in any case where a warrant may
be issued, and shall be in the same form as the warrant except that it shall summon the
defendant to appear before a magistrate at a stated time and place." Taken in context, the
passage quoted by relator speaks only to the contents of a summons, and does not make
the issuance either of a warrant or a summons a ministerial duty. Relator's petition again
fails to show Judge Emerson abused his discretion or violated a duty imposed by law.

 Our conclusion that relator has not demonstrated that Judge Emerson has violated
a duty imposed by law disposes also of relator's contention that Judge Emerson failed to
comply with the language of Canon 2 of the Code of Judicial Conduct stating that a judge
"shall comply with the law." Tex. Code Jud. Conduct, Canon 2(A), reprinted in Tex. Gov't
Code Ann., tit. 2, subtit. G, app. B (Vernon 1998). Relator has not shown Judge Emerson's
failure to issue arrest warrants was a violation of the Code of Judicial Conduct. (2) 

 For these reasons, relator's petition does not show entitlement to a writ of
mandamus, and is denied.


 James T. Campbell

 Justice




 
1. We take judicial notice from this court's docket that relator has filed several pro se
civil suits against prison officials and others during his tenure in the Institutional Division.
2. Relator also contends the requirements of the Code of Judicial Conduct are
enforceable against a trial judge by mandamus. We need not address this proposition, but
we note the cases relator cites do not support it.