ACCEPTED
05-18-00191-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/26/2018 3:53 PM
LISA MATZ
CLERK

**No. 05-18-00191-CV**
**No. 05-18-00192-CV**
**No. 05-18-00193-CV**

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

3/26/2018 3:53:09 PM

LISA MATZ
Clerk

IN RE JUAN SUAREZ,
**Relator**

HON. STEPHANIE N. MITCHELL,
Respondent

THE STATE OF TEXAS,
Real Party in Interest

Original Proceeding from the 291st Judicial District Court
of Dallas County, Texas
Cause Nos. F12-53672-U, F12-54454-U, F12-54455-U

STATE'S RESPONSE TO PETITION
FOR WRIT OF MANDAMUS

*Counsel of Record:*

FAITH JOHNSON
Criminal District Attorney
Dallas County, Texas

RICARDO VELA, JR.
Assistant District Attorney
State Bar No. 24072800
Frank Crowley Court Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3625 (*Phone*)
(214) 653-3643 (*Fax*)
ricardo.vela@dallascounty.org

*Attorneys for the State of Texas*

# IDENTITY OF PARTIES AND COUNSEL

**Relator:**     Juan Suarez, *pro se*

TDCJ# 01846207
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102


**Respondent:**     Hon. Stephanie N. Mitchell , *presiding judge*

291st Judicial District Court of Dallas County, Texas
133 North Riverfront Boulevard
LB-34
Dallas, Texas 75207


**Real Party in Interest:**     The State of Texas

Represented by:     Hon. Faith Johnson, *Criminal District Attorney*
Ricardo Vela, Jr., *Assistant Criminal District Attorney*

Dallas County District Attorney's Office
133 North Riverfront Boulevard
LB-19
Dallas, Texas 75207

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................ ii

INDEX OF AUTHORITIES ................................................................................ iv

STATEMENT OF THE CASE ............................................................................. 1

ISSUES PRESENTED ...................................................................................... 1

ARGUMENT .................................................................................................. 2

    Response to Issue One: Relator has an adequate remedy by appeal and therefore is not entitled to a writ of mandamus. ........................................... 2

    Response to Issue Two: Because Relator has received the relief he seeks via mandamus, this issue is moot. .......................................................... 3

PRAYER ...................................................................................................... 5

CERTIFICATE OF WORD COMPLIANCE ........................................................... 6

CERTIFICATE OF SERVICE ............................................................................. 6

APPENDIX .................................................................................................... 7

    Appendix I ................................................................................................. 8

    Appendix II ................................................................................................ 15

    Appendix III .............................................................................................. 19

# INDEX OF AUTHORITIES

Cases

*Baluch v. Miller*,
774 S.W.2d 299 (Tex. App.—Dallas 1989, orig. proceeding) ...................................... 5

*Barnes v. State*,
832 S.W.2d 424 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding)............... 4

*Dow Chem. Co. v. Garcia*,
909 S.W.2d 503 (Tex. 1995) (orig. proceeding) .................................................... 5

*Eli Lilly & Co. v. Marshall*,
829 S.W.2d 157 (Tex. 1992).................................................................................. 4

*Harrell v. State*,
286 S.W.3d 315 (Tex. 2009)................................................................................. 3

*In re Hill*,
No. 05-15-01478-CV, 2016 WL 55557 (Tex. App.—Dallas Jan. 5, 2016, orig.
proceeding) (mem. op.) ........................................................................................ 1

*In re Kellogg Brown & Root, Inc.*,
166 S.W.3d 732 (Tex. 2005) (orig. proceeding)..................................................... 5

*In re Prudential Ins. Co.*,
148 S.W.3d 124 (Tex. 2004) (orig. proceeding)..................................................... 3

*In re Rowe*,
No. 05-15-00159-CV, 2015 WL 1063111 (Tex. App.—Dallas, Mar. 11, 2015, orig.
proceeding) (mem. op.) ........................................................................................ 5

*In re State ex rel. Weeks*,
391 S.W.3d 117 (Tex. Crim. App. 2013) (orig. proceeding) ................................... 2

*In re Tex. Dep't of Family & Protective Servs.*,
210 S.W.3d 609 (Tex. 2006) (orig. proceeding)..................................................... 3

*Johnson v. Tenth Judicial Dist. Court of Appeals at Waco*,
280 S.W.3d 866 (Tex. Crim. App. 2008) .............................................................. 3

*Kissam v. Williamson*,
  545 S.W.2d 265 (Tex. App.—Tyler 1976, orig. proceeding) ......................................... 4

*State Bar of Tex. v. Gomez*,
  891 S.W.2d 243 (Tex. 1994) (orig. proceeding) ............................................................... 5

*State ex rel. Hill v. Court of Appeals for Fifth District*,
  34 S.W.3d 924 (Tex. Crim. App. 2001) (orig. proceeding) ........................................... 4

*Womack v. Berry*,
  291 S.W.2d 677 (Tex. 1956) .................................................................................................. 5

Statutes

Tex. Gov't Code Ann. § 501.014 (West 2010) ...................................................................... 2

TO THE HONORABLE COURT OF APPEALS:

The State of Texas, Real Party in Interest, submits this response to Relator's petition for writ of mandamus.

## STATEMENT OF THE CASE

Relator judicially confessed and pled guilty to three sexual assault of child felony offenses. Appendix I.[1] On March 18, 2013, Relator was sentenced to 25 years' incarceration in each cause to run concurrently; in cause F12-54454-U, the trial court imposed a $2000 fine. Appendix I. The trial court incorporated into each judgment orders to withdraw funds from Relator's Inmate Trust Account. Appendix I, II. Four years later, Relator filed with the trial court a Motion to Request the Trial Court Rescind Three Orders to Withdrawal Funds from the Inmate's Trust Fund, and Order the Return of any Funds Withdrawn. Petition Exhibit D. Relator submitted this instant petition for a writ of mandamus on February 21, 2018. Subsequently, the trial court considered and denied Relator's motion. Appendix III.

## ISSUES PRESENTED

1. Whether Relator has established that he has no adequate remedy at law, entitling him to mandamus relief.

2. Whether this Court should issue a writ of mandamus to compel Respondent to rule on Relator's disposed motion.

---

[1] The State incorporates additional documents in its response to adequately support the record. *See In re Hill*, No. 05-15-01478-CV, 2016 WL 55557, at *1 n.1 (Tex. App.—Dallas Jan. 5, 2016, orig. proceeding) (mem. op.).

**ARGUMENT**

**Response to Issue One: Relator has an adequate remedy by appeal and therefore is not entitled to a writ of mandamus.**

Relator seeks a writ of mandamus to compel the trial court to rule on his motion requesting that the trial court rescind its orders to withdraw funds from his Inmate Trust Fund because they violate his due process rights. Relator fails to show that he is entitled to mandamus relief.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). The withdrawal orders issued by a trial court allow the Institutional Division of the Texas Department of Criminal Justice to withdraw money from Relator's trust account for payment to the Dallas County district clerk for the amounts specified by the court orders. *See* Tex. Gov't Code Ann. § 501.014(e), (f)(5) (West 2010). Orders expressly purported to be entered pursuant to section 501.014(e) of the Government Code are civil in nature. *Johnson v. Tenth Judicial Dist. Court of Appeals at Waco*, 280 S.W.3d 866, 872–75 (Tex. Crim. App. 2008). The proper method for seeking appellate review of an order of withdrawal of funds from an inmate trust account is by appeal of the order. *Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009). Mandamus relief is proper only to correct a clear abuse of discretion when there is no

adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Relator fails to establish that he has no adequate remedy at law. Because Relator challenges the trial court's three orders to withdraw funds, direct appeal of these orders is appropriate. *See Harrell*, 286 S.W.3d at 321 (stating "[A]ppellate review should be by appeal, as in analogous civil post-judgment enforcement actions."). Any failure on Relator's part to comply with the rules of civil procedure and properly file a notice of appeal is not a sufficient excuse to justify issuance of mandamus. *See In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 614 (Tex. 2006) (orig. proceeding). Accordingly, Relator has failed to show that he is entitled to mandamus relief and his petition should be denied.

### Response to Issue Two: Because Relator has received the relief he seeks via mandamus, this issue is moot.

Relator argues that the trial court abused its discretion by not ruling on his motion and requests this Court to compel Respondent to rule on his motion. Relator's petition is moot.

An act is ministerial if the relator has a "clear right to the relief sought." *Id.*; *State ex rel. Hill v. Court of Appeals for Fifth District*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). The law must clearly spell out the duty to be performed by the lower court with such certainty that nothing is left to the exercise of discretion or judgment. *See Hill*, 34 S.W.3d at 928. When a motion is properly filed and pending

3

before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (citing *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157 (Tex. 1992)). In such circumstances, a trial court must consider and rule upon the motion within what, when all the surrounding circumstances are taken into account, constitutes a reasonable time. *See Kissam v. Williamson*, 545 S.W.2d 265, 267 (Tex. App.—Tyler 1976, orig. proceeding) (determining mandamus would issue when a lower court had not acted "within a reasonable time"). A refusal to rule within a reasonable time would frustrate that process and, moreover, would constitute a denial of due course of law. *Baluch v. Miller*, 774 S.W.2d 299, 301–02 (Tex. App.—Dallas 1989, orig. proceeding). Therefore, mandamus is appropriate to compel a trial court to make a ruling within a reasonable time. *Womack v. Berry*, 291 S.W.2d 677, 682 (Tex. 1956).

However, a court should not issue mandamus if it would be useless or unavailing. *Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding). A case may be dismissed as moot at any stage of the proceedings. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings. *Id.*; *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (orig. proceeding) (stating that for controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought).

A justiciable controversy no longer exists with respect to Relator's motion. Respondent's denial of Relator's motion granted the relief he seeks on mandamus. *See In re Rowe*, No. 05-15-00159-CV, 2015 WL 1063111, at \*1 (Tex. App.—Dallas, Mar. 11, 2015, orig. proceeding) (mem. op.). Accordingly, Relator's petition is moot and should be denied.

## PRAYER

The State of Texas, Real Party in Interest, submits that this Court should deny Relator's petition for a writ of mandamus.

Respectfully submitted,

FAITH JOHNSON
Criminal District Attorney
Dallas County, Texas

/s/ *Ricardo Vela, Jr.*
RICARDO VELA, JR.
Assistant District Attorney
State Bar Number 24072800
Frank Crowley Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3625 (phone)
(214) 653-3643 (fax)
ricardo.vela@dallascounty.org

**CERTIFICATE OF WORD COMPLIANCE**

I, Ricardo Vela, Jr., Assistant District Attorney, hereby certify that the foregoing response is 916 words in length according to Microsoft Word, which was used to prepare the response.

/s/ *Ricardo Vela, Jr.*
RICARDO VELA, JR.
Assistant District Attorney

**CERTIFICATE OF SERVICE**

I, Ricardo Vela, Jr., Assistant District Attorney, hereby certify that a true copy of the foregoing response has been served on Relator *pro see* via U.S. Mail to Juan Suarez, TDCJ# 01846207, McConnell Unit, 3001 S. Emily Drive, Beeville, Texas 78102, on March 26, 2018.

/s/ *Ricardo Vela, Jr.*
RICARDO VELA, JR.
Assistant District Attorney

6

# APPENDIX

# Appendix I



CASE NO. F-1253672-U
INCIDENT NO./TRN: 9175937441

| THE STATE OF TEXAS | § | IN THE 291st JUDICIAL DISTRICT |
| | § | |
| v. | § | COURT |
| | § | |
| JUAN SUAREZ | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX02972487 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. **Susan Hawk** | Date Judgment Entered: | **3/18/2013** |
|---|---|---|---|
| Attorney for State: | **Travis Wiles** | Attorney for Defendant: | **Jose Stewart** |

Offense for which Defendant Convicted:
**SEXUAL A-V CHILD**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **22.011 Penal Code** |

Date of Offense:
**3/18/2012**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **2ND DEGREE FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**25 YEARS PENITENTIARY**

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Date Sentence Imposed: | **3/18/2013** | Date Sentence to Commence: | **3/18/2013** |
|---|---|---|---|

| Punishment and Place of Confinement: | **25 YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ **N/A** | $ **594.00** | $ **N/A** | (see below) ☐ AGENCY/AGENT ☐ VICTIM |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **14 years.**

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From **3/24/2012** to **3/29/2012**   From **5/4/2012** to **3/18/2013**   From   to |
| | From   to   From   to   From   to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**   NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.



☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

---

**Signed and entered on March 18, 2013**

X _____

Susan Hawk

JUDGE PRESIDING

Clerk: J HOLLINGSWORTH

*Thumbprint Certification attached.



CASE NO. F-1254454-U

INCIDENT NO./TRN: 9175976129

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 291st JUDICIAL DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| JUAN SUAREZ | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX02972487 | § | |

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. Susan Hawk | Date Judgment Entered: | 3/18/2013 |
| Attorney for State: | Travis Wiles | Attorney for Defendant: | Jose Stewart |

Offense for which Defendant Convicted:

**SEXUAL ASSAULT A-V CHILD**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **22.011 Penal Code** |

Date of Offense:

**5/1/2010**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **2ND DEGREE FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:

**25 YEARS PENITENTIARY, $2,000 FINE**

| | | | |
|---|---|---|---|
| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| | | | |
|---|---|---|---|
| Date Sentence Imposed: | **3/18/2013** | Date Sentence to Commence: | **3/18/2013** |

| Punishment and Place of Confinement: | **25 YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ 2,000 | $ 594 | $ N/A | (see below) ☐ AGENCY/AGENT ☐ VICTIM |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| | |
|---|---|
| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
| | From **5/4/2012** to **3/18/2013**        From        to        From        to |
| Time Credited: | From        to        From        to        From        to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**        NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

·Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:



**Signed and entered on**

X _____
Susan Hawk
JUDGE PRESIDING

Clerk: S. HOFFMAN

*Thumbprint Certification attached.



CASE NO. F-1254455-U
INCIDENT NO./TRN: 9175976129

| THE STATE OF TEXAS | § | IN THE 291st JUDICIAL DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| JUAN SUAREZ | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX02972487 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. Susan Hawk | Date Judgment Entered: | 3/18/2013 |
|---|---|---|---|
| Attorney for State: | Travis Wiles | Attorney for Defendant: | Jose Stewart |

Offense for which Defendant Convicted:
**SEXUAL A-V CHILD**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **22.011 Penal Code** |

Date of Offense:
**8/1/2011**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **2ND DEGREE FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**25 YEARS PENITENTIARY**

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Date Sentence Imposed: | **3/18/2013** | Date Sentence to Commence: | **3/18/2013** |
|---|---|---|---|

| Punishment and Place of Confinement: | **25 YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ **N/A** | $ **594.00** | $ **N/A** | (see below) ☐ AGENCY/AGENT ☐ VICTIM |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

**Sex Offender Registration Requirements apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **14 years.**

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From **3/24/2012** to **3/29/2012**    From **5/4/2012** to **3/18/2013**    From   to |
| | From   to       From   to       From   to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**    NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.



☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

**Signed and entered on March 18, 2013**

X _____ Susan Hawk
Susan Hawk
JUDGE PRESIDING

Clerk: J HOLLINGSWORTH

*Thumbprint Certification attached.

# Appendix II



THE STATE OF TEXAS

CAUSE NO. F **1253672** -U

VS.

291st DISTRICT COURT
JUDICIAL

JUAN SUAREZ

DALLAS COUNTY, TEXAS

## ORDER TO WITHDRAW FUNDS

TO:  INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE

COPY TO:  JUAN SUAREZ

TDCJ# _____  SID# 02972487 _____

**GREETINGS:**
THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees, and/or fines in the District Court of Dallas County, Texas, in the above entitled and numbered cause in accordance with the sentence imposed as reflected in the judgment attached to this Order. The Court finds that the offender is unable to pay the court costs, fees, and/or fines on this date and that the funds should be withdrawn from the Offender's Inmate Trust Account. Court costs, fees, and/or fines have been incurred as represented in the attached judgment in the amount of $(**594.00**) for court fees and costs, and $(**N/A**) in fines.

THE COURT ORDERS that payment be made out of the Offender's Inmate Trust Account as follows:
Pay an initial amount equal to the lesser of:
(1)     15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or
(2)     The total amount court costs, fees, and/or fines that remains unpaid.
In each month following payment of the initial amount, payment shall be made out of the Offender's Inmate Trust Account in an amount equal to the lesser of:
(1)     10% of each month's deposit in the Offender's Inmate Trust Account; or
(2)     The total amount of court costs, fees, and/or fines that remains unpaid.
Payments are to continue until the total amount of court costs, fees, and/or fines are paid in full or the offender is released from confinement.

IT IS FURTHER ORDERED that payments for court fees, court costs, and fines shall not be withdrawn pursuant to this order until all orders which the department has been notified of requiring an inmate to pay child support, restitution, and/or reimbursement to the Health and Human Services Commission for financial assistance to a child of the inmate for the child's health needs under Chapter 31 of the Human Resources Code have been paid in full.

The department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the Dallas County District Clerk on the earlier of the following dates:
(1)     Monthly;
(2)     The date the total amount to be forwarded equals the total amount which remains unpaid; or
(3)     The date the offender is released.

The Court enters this order pursuant to Texas Government Code §501.014 this (18) day of (March) (2013).

_____
**JUDGE PRESIDING**



THE STATE OF TEXAS

VS.

JUAN SUAREZ

CAUSE NO. F **1254454** -U

291st DISTRICT COURT
JUDICIAL

DALLAS COUNTY, TEXAS

## ORDER TO WITHDRAW FUNDS

TO: INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE

COPY TO: **JUAN SUAREZ**

TDCJ# _____  SID# 02972487 _____

**GREETINGS:**

THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees, and/or fines in the District Court of Dallas County, Texas, in the above entitled and numbered cause in accordance with the sentence imposed as reflected in the judgment attached to this Order. The Court finds that the offender is unable to pay the court costs, fees, and/or fines on this date and that the funds should be withdrawn from the Offender's Inmate Trust Account. Court costs, fees, and/or fines have been incurred as represented in the attached judgment in the amount of $(**594**) for court fees and costs, and $(**2,000**) in fines.

THE COURT ORDERS that payment be made out of the Offender's Inmate Trust Account as follows:
Pay an initial amount equal to the lesser of:
  (1)   15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or
  (2)   The total amount court costs, fees, and/or fines that remains unpaid.
In each month following payment of the initial amount, payment shall be made out of the Offender's Inmate Trust Account in an amount equal to the lesser of:
  (1)   10% of each month's deposit in the Offender's Inmate Trust Account; or
  (2)   The total amount of court costs, fees, and/or fines that remains unpaid.
Payments are to continue until the total amount of court costs, fees, and/or fines are paid in full or the offender is released from confinement.

IT IS FURTHER ORDERED that payments for court fees, court costs, and fines shall not be withdrawn pursuant to this order until all orders which the department has been notified of requiring an inmate to pay child support, restitution, and/or reimbursement to the Health and Human Services Commission for financial assistance to a child of the inmate for the child's health needs under Chapter 31 of the Human Resources Code have been paid in full.

The department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the Dallas County District Clerk on the earlier of the following dates:
  (1)   Monthly;
  (2)   The date the total amount to be forwarded equals the total amount which remains unpaid; or
  (3)   The date the offender is released.

The Court enters this order pursuant to Texas Government Code §501.014 this ( ) day of ( ), ( ).

_____
**JUDGE PRESIDING**



THE STATE OF TEXAS

CAUSE NO. F   **1254455**   -U

VS.

291st    **DISTRICT COURT**

JUDICIAL

**JUAN SUAREZ**

DALLAS COUNTY, TEXAS

## ORDER TO WITHDRAW FUNDS

**TO: INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

**COPY TO:**  **JUAN SUAREZ**

**TDCJ#**                                      **SID#** 02972487

**GREETINGS:**

THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees, and/or fines in the District Court of Dallas County, Texas, in the above entitled and numbered cause in accordance with the sentence imposed as reflected in the judgment attached to this Order. The Court finds that the offender is unable to pay the court costs, fees, and/or fines on this date and that the funds should be withdrawn from the Offender's Inmate Trust Account. Court costs, fees, and/or fines have been incurred as represented in the attached judgment in the amount of $(**594.00**) for court fees and costs, and $(**N/A**) in fines.

THE COURT ORDERS that payment be made out of the Offender's Inmate Trust Account as follows:
Pay an initial amount equal to the lesser of:
- (1)    15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or
- (2)    The total amount court costs, fees, and/or fines that remains unpaid.

In each month following payment of the initial amount, payment shall be made out of the Offender's Inmate Trust Account in an amount equal to the lesser of:
- (1)    10% of each month's deposit in the Offender's Inmate Trust Account; or
- (2)    The total amount of court costs, fees, and/or fines that remains unpaid.

Payments are to continue until the total amount of court costs, fees, and/or fines are paid in full or the offender is released from confinement.

IT IS FURTHER ORDERED that payments for court fees, court costs, and fines shall not be withdrawn pursuant to this order until all orders which the department has been notified of requiring an inmate to pay child support, restitution, and/or reimbursement to the Health and Human Services Commission for financial assistance to a child of the inmate for the child's health needs under Chapter 31 of the Human Resources Code have been paid in full.

The department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the Dallas County District Clerk on the earlier of the following dates:
- (1)    Monthly;
- (2)    The date the total amount to be forwarded equals the total amount which remains unpaid; or
- (3)    The date the offender is released.

The Court enters this order pursuant to Texas Government Code §501.014 this (18) day of (March), (2013).

_____
**JUDGE PRESIDING**

# **<u>Appendix III</u>**

NO. F12-53672-U
NO. F12-54454-U
NO. F12-54455-U

| STATE OF TEXAS | § | IN THE 291ST |
| | § | |
| V. | § | JUDICIAL DISTRICT COURT |
| | § | |
| JUAN SUAREZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO REQUEST THE TRIAL COURT TO RESCIND THREE ORDERS TO WITHDRAW FUNDSFROM THE INMATE'S TRUST FUND, AND ORDER THE RETURN OF ANY FUNDS WITHDRAWN

On this day, the Court considered Juan Suarez's [Movant] motion to rescind orders and return funds filed on April 18, 2017. After reviewing the motion on file, it is ORDERED that the Movant's motion to rescind orders and return funds is hereby GRANTED / DENIED.

Signed this 20th day of March, 2018.

_____
JUDGE PRESIDING