Opinion filed January 13, 2020



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00390-CV

_____

## IN RE WTG FUELS, INC.

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, WTG Fuels, Inc., filed this original petition for writ of mandamus in which it requests that we instruct the Honorable Rodney W. Satterwhite, Senior District Judge of the 441st District Court of Midland County, to vacate two orders entered on October 9, 2019, in Cause No. CV53491.

In the first order, Judge Satterwhite granted the motion of Plaintiffs John Schmidt, Robert Graves, and Weston Brandes, who are the real parties in interest in this proceeding, to strike WTG's designation of Robert D. Hayter, Nancy Hayter, and Joe Robert Hayter as potentially responsible third parties. We deny WTG's petition for writ of mandamus as to this order.

In the second order, Judge Satterwhite granted Plaintiffs' motion to conduct discovery into WTG's net worth. We conditionally grant the petition for writ of mandamus as to this order.

*Background*

Plaintiffs, who were hunting on land leased and occupied by the Hayters, allege that they were injured in a propane explosion at a ranch house on the property. The propane leaked from a corroded pipe in the wall of the house, accumulated under the house, and ignited when Plaintiffs attempted to light a pilot light on a hot water heater. Plaintiffs sued WTG, which had refilled the propane tank on the property on the day before the accident, and the Hayters, among other parties. WTG designated the Hayters as potentially responsible third parties pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West 2015).

The Hayters filed a combined traditional and no-evidence motion for summary judgment on all of Plaintiffs' claims. The Hayters specifically asserted (1) that the Recreational Use Statute, set out in Sections 75.001–.007 of the Texas Civil Practice and Remedies Code, barred Plaintiffs' negligence claims; (2) that they were not negligent or grossly negligent as a matter of law; and (3) that there was no evidence of any of the elements of Plaintiffs' claims for negligence and gross negligence. Judge Satterwhite granted the Hayters' motion for summary judgment without stating the ground for the ruling, dismissed Plaintiffs' claims against the Hayters, and severed Plaintiffs' claims against the Hayters into a new cause of action.

Plaintiffs moved to strike WTG's designation of the Hayters as potentially responsible third parties. Plaintiffs argued that, because there was no evidence to sustain their claims against the Hayters, there was also no evidence to support the designation of the Hayters as potentially responsible third parties. WTG responded (1) that there was more than a scintilla of evidence to raise a fact issue as to whether the Hayters were responsible for Plaintiffs' injuries, (2) that the Hayters "had certain obligations to ensure the . . . safety" of Plaintiffs, and (3) that the Hayters could be

2

potentially responsible third parties even if their liability to Plaintiffs was limited by the Recreational Use Statute. On October 9, 2019, Judge Satterwhite granted Plaintiffs' motion to strike WTG's designation of the Hayters as potentially responsible third parties.

Plaintiffs also moved to conduct net worth discovery against WTG pursuant to Section 41.0115 of the Texas Civil Practice and Remedies Code. *See* CIV. PRAC. & REM. § 41.0115 (West Supp. 2019). WTG responded that Plaintiffs had not shown a substantial likelihood of success on the merits of their claim for exemplary damages. Alternatively, WTG asserted that the requested discovery was overbroad and was not the least burdensome method to determine WTG's net worth.

On October 9, 2019, Judge Satterwhite granted Plaintiffs' motion to conduct net worth discovery. The order, in its entirety, states:

> BE IT REMEMBERED that on this the 25th day of September, 2019, came on to be heard *Plaintiffs' Motion to Conduct Net Worth Discovery for Gross Negligence Claims Against Defendant WTG Fuels, Inc.,* and the Court having reviewed the pleadings and heard the arguments of counsel finds that said motion should be GRANTED on a limited basis.

> IT IS THEREFORE ORDERED that *Plaintiffs' Motion to Conduct Net Worth Discovery for Gross Negligence Claims Against Defendant WTG Fuels, Inc.* is GRANTED. However, it is limited to discovery of the Balance Sheet of WTG for the current year and the preceding year only.

> IT IS FURTHER ORDERED that all documents responsive to this request for production shall remain confidential and be on a need to know basis only.

WTG filed a petition for writ of mandamus in this court in which it asserted that Judge Satterwhite abused his discretion when he struck WTG's designation of the Hayters as potentially responsible third parties and when he ordered that

Plaintiffs could conduct net worth discovery and that it lacked an adequate remedy on appeal from either order. Plaintiffs responded that the petition was barred by laches. Alternatively, Plaintiffs argued that WTG failed to establish either that Judge Satterwhite abused his discretion when he signed either order or that WTG does not have an adequate remedy by appeal.

*Analysis*

Mandamus is an extraordinary remedy and is warranted only when the trial court clearly abused its discretion and the relator has no other adequate remedy. *In re Murrin Bros. 1885, Ltd.*, No. 18-0737, 2019 WL 6971663, at *2 (Tex. Dec. 20, 2019) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

A trial court abuses its discretion when its ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). "Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly." *Id.*; *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding) ("[A] trial court has no 'discretion' in determining what the law is or applying the law to the facts." (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992))).

We have reviewed the petition for writ of mandamus and the mandamus record as it pertains to the October 9, 2019 order in which Judge Satterwhite granted Plaintiffs' motion to strike the designation of the Hayters as potentially responsible third parties and hold that, as to that order, WTG has failed to show that it is entitled to the requested relief. Therefore, we deny WTG's petition for writ of mandamus as to that order. *See* TEX. R. APP. P. 52.8(a) (stating that, if the appellate court

4

determines that the relator is not entitled to the relief sought, it must deny the petition).

We next turn to the October 9, 2019 order in which Judge Satterwhite granted Plaintiffs' motion to engage in net worth discovery. In relevant part, Section 41.0115(a) of the Texas Civil Practice and Remedies Code provides:

> On the motion of a party and after notice and a hearing, a trial court may authorize discovery of evidence of a defendant's net worth *if the court finds in a written order that the claimant has demonstrated a substantial likelihood of success on the merits of a claim for exemplary damages.*

CIV. PRAC. &. REM. § 41.0115(a) (emphasis added).

When we construe a statute, our primary goal is to give effect to the legislature's intent. *Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018). The best guide to that determination is usually the plain language of the statute. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019), *petition for cert. filed*, (U.S. Nov. 7, 2019) (No. 19-603). We must enforce the statute "as written" and "refrain from rewriting text that lawmakers chose." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, No. 18-0656, 2019 WL 6971659, at *4 (Tex. Dec. 20, 2019) (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009)). We do not "choose between competing policies addressed by legislative drafting." *Id.* (quoting *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 614 (Tex. 2006) (orig. proceeding)). Rather, "[w]e apply the mandates in the statute as written." *Id.* (quoting *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 614).

As written, Section 41.0115(a) allows a claimant to pursue net worth discovery only after the trial court finds in a written order that the claimant has demonstrated a substantial likelihood of success on the merits of a claim for exemplary damages. CIV. PRAC. & REM. § 41.0115(a); *see also In re Michelin N. Am., Inc.*, No. 05-15-01480-CV, 2016 WL 890970, at *8 (Tex. App.—Dallas Mar. 9,

2016, orig. proceeding) (mem. op.) (Section 41.0115(a) "requires a party seeking net worth discovery to first demonstrate and obtain a finding from the trial court that there is a substantial likelihood of success on the merits of a claim for exemplary damages").  In the October 9, 2019 order, Judge Satterwhite did not make a finding that Plaintiffs had demonstrated a substantial likelihood of success on the merits of their claim for gross negligence.  In the absence of that statutorily required finding, Judge Satterwhite could not exercise discretion to order discovery of WTG's net worth.  *See* CIV. PRAC. & REM. § 41.0115(a); *In re Michelin N. Am. Inc.*, 2016 WL 890970, at *3; *see also In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding) (concluding that a trial court abuses its discretion "when a discovery order conflicts with the Texas Rules of Civil Procedure").

Further, WTG does not have an adequate remedy by appeal.  Discovery that is not authorized by law cannot be "untaken" such that an appellate court is able to cure the error and enforce the statutory scheme after trial.  *See In re Jorden*, 249 S.W.3d 416, 419–20 (Tex. 2008) (orig. proceeding); *see also In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam) (concluding that appeal is an inadequate remedy when the appellate court would not be able to remedy the trial court's discovery error).  Therefore, an order that compels discovery beyond that allowed by law is an abuse of discretion for which mandamus is the proper remedy.  *See In re Turner*, No. 18-0102, 2019 WL 6972242, at *2 (Tex. Dec. 20, 2019) (orig. proceeding) (concluding that mandamus relief is appropriate when the trial court abuses its discretion by ordering discovery that is prohibited by statute); *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam).

*This Court's Ruling*

We deny WTG's petition for writ of mandamus as to the October 9, 2019 order in which Judge Satterwhite granted the motion to strike the designation of the

Hayters as potentially responsible third parties. We conditionally grant WTG's petition for writ of mandamus as to the October 9, 2019 order in which Judge Satterwhite ordered that Plaintiffs could conduct net worth discovery against WTG. A writ of mandamus will issue only if Judge Satterwhite does not vacate that order by January 22, 2020.

KEITH STRETCHER

JUSTICE

January 13, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.