# NO. 12-20-00126-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOE SALINAS ESTRADA, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Joe Salinas Estrada, Jr., acting pro se, filed this original proceeding to challenge the actions of the following Respondents: (1) Anderson County District Clerk, Teresia Coker, (2) Anderson County Deputy Clerk, Alicia Herbertson, and (3) the Honorable Pam Foster Fletcher, Judge of the 349th District Court in Anderson County, Texas.[1]  We deny in part and dismiss in part.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

---

[1] Relator contends the judge is unknown; however, Judge Fletcher signed an order of dismissal in Relator's case.

## AVAILABILITY OF MANDAMUS

Regarding Coker and Herbertson, Relator contends that they denied him access to the courthouse and "jointly or separately refuse[d] and continue to refuse to accept, file and docket Relator's actual, factual and legal claims against" various employees of the Texas Department of Criminal Justice. Attached as an exhibit to Relator's petition is a letter from Coker, dated June 5, 2019 and signed by Herbertson, which states, "We need more information before we are able to process the documents that you mailed to us. We need to know if it is being filed as a single case, or multiple cases. You also need to file an Affidavit of Indigence."[2]

A district clerk is not a judge over which this Court has mandamus jurisdiction; nor does the record demonstrate that issuance of a writ of mandamus against Coker and Herbertson is necessary to protect this Court's jurisdiction.[3] *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004) (writ power); *see also **In re Eaton***, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked jurisdiction to consider merits of mandamus petition as to district clerk); ***In re Vargas***, No. 01-12-00351-CV, 2012 WL 1454550, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court jurisdiction). Additionally, the letter from the Anderson County District Clerk's Office does not reflect a refusal to file documents submitted by Relator, as opposed to requesting additional information in order to be able to properly file said documents.

Regarding Judge Fletcher, Relator complains that she "committed arbitrary acts to misconstrue Relator's civil and constitutional rights violations claims under their presumptious [sic] indications of Chapter 14 of the Texas Civil Practice and Remedies Code[.]"' Attached to Relator's petition as an exhibit is an order, signed by Judge Fletcher on December 10, 2019,

---

[2] The record does not demonstrate what "documents" Relator was attempting to file.

[3] For instance, we have jurisdiction to issue a writ of mandamus against a district clerk for failure to forward to this Court a notice of appeal delivered to the clerk for filing because such is necessary to enforce our jurisdiction. ***In re Talkington***, No. 12-07-00272-CR, 2007 WL 2178551, at *1 (Tex. App.—Tyler July 31, 2007, orig. proceeding) (mem. op., not designated for publication); *see **Ex parte Sanders***, No. WR-80,356-01, 2013 WL 5872901, at *1 (Tex. Crim. App. Oct. 30, 2013) (order, not designated for publication) (per curiam); *see also **In re Foster***, No. 14-16-00698-CR, 2016 WL 5853282, at *1 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam); ***In re Smith***, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

2

dismissing Relator's lawsuit against Bryan Collier, without prejudice, as frivolous because the "civil action is not brought under the Family Code and is a cause of action governed by Chapter 14 of the Texas Civil Practice and Remedies Code." Mandamus is not the proper avenue for challenging this dismissal. An inmate may appeal the dismissal of his lawsuit under Chapter 14. *In re Sims*, No. 12-15-00190-CV, 2016 WL 4379490, at *1 (Tex. App.—Tyler Aug. 17, 2016, orig proceeding) (mem. op.). Accordingly, Relator may not attack this ruling by seeking a writ of mandamus, even if his appellate remedy is no longer available. *Id*.

## DISPOSITION

Because mandamus review is not available to challenge the actions of Coker and Herbertson under the facts of this case, we *dismiss* that portion of this original proceeding for *want of jurisdiction*. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *see also Eaton*, 2016 WL 6876502, at *1; *Vargas*, 2012 WL 1454550, at *1. And because Relator has an adequate remedy by appeal from the dismissal of his lawsuit under Chapter 14, we *deny* Relator's petition as it pertains to Judge Fletcher. *See Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382; *see also Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d at 613; *Sims*, 2016 WL 4379490, at *1. All pending motions are *overruled as moot*.

Opinion delivered September 2, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 2, 2020

NO. 12-20-00126-CV

**JOE SALINAS ESTRADA, JR.,**
Relator
V.

**HON. PAM FOSTER FLETCHER,
TERESIA COKER, AND ALICIA HERBERTSON,**
Respondents

ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Joe Salinas Estrada, Jr.; who is the relator in appellate cause number 12-20-00126-CV and the plaintiff in trial court cause number DCCV19-1203-349 in the 349th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on May 15, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied in part as to Respondent Pam Foster Fletcher and dismissed in part for want of jurisdiction as to Respondents Teresia Coker and Alicia Herbertson**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4