**In re TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES.**

**No. 04–1043.**

Supreme Court of Texas.

Dec. 15, 2006.

Ronald Earle, Travis County District Atty., C. Bryan Case Jr., Asst. District Atty., Austin, for Relator.

John Joseph Hindera, Robert Gavin, Christina M. Utkov, Austin, for Real Party In Interest.

Justice WAINWRIGHT delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice BRISTER, Justice MEDINA, Justice GREEN, Justice JOHNSON, and Justice WILLETT joined.

We deny Joy Higdon's motion for rehearing. We withdraw our opinion of September 22, 2006 and substitute the following in its place.

Section 263.401 of the Texas Family Code establishes a deadline for rendition of a final order in suits affecting the parent-child relationship (SAPCRs) brought by the Texas Department of Family and Protective Services. Although the trial court abused its discretion in failing to dismiss the Department's case, we conclude that here, the parties challenging the trial court's denial of a motion to dismiss under section 263.401 had an adequate remedy by accelerated appeal.

On January 23, 2003, the Department filed a SAPCR to terminate the parent—child relationship between Joy Higdon and her two children. That day, the trial court entered an ex parte order giving the Department the authority to take possession of the children, naming the Department temporary managing conservator, and setting the matter for a full adversarial hearing on February 3, 2003. Apparently, Higdon was restored as managing conservator of the children at the February hearing but agreed to place the children with their great-grandmother, Ruby Ludwig.

The trial court held periodic status hearings. In a temporary order dated August 19, 2003, the trial court appointed the Department temporary managing conservator and identified the dismissal date for the case as August 16, 2004. The children continued to reside with Ludwig. In September, the trial court identified the dismissal date for the Department's case as January 26, 2004, and set the case for trial on the merits. In January, the trial court extended the dismissal date to July 24, 2004, as permitted by section 263.401(b) of the Texas Family Code. On February 23, 2004, Ludwig intervened, seeking sole managing conservatorship of the children.

On Monday, July 19, 2004, the trial began. On Thursday, July 22, 2004, Ludwig and Higdon filed motions to dismiss for failure to render a final order before the statutory deadline. The Department rested its case on Friday, July 23, 2004. Saturday, July 24, 2004, was the dismissal deadline identified by the court in its January order. The trial recommenced on Tuesday, July 27, 2004. On July 28, 2004, the jury returned a unanimous verdict terminating the parent-child relationship between Higdon and each child and appointing the Department, rather than Ludwig, as sole managing conservator of the children. The trial court announced the verdict from the bench, terminated the parental rights of the fathers of the children, and denied the motions to dismiss. A hearing for entry of judgment was set for August 11, 2004. The trial court rendered judgment on Higdon's parental rights and Ludwig's intervention when it signed and filed the final decree of termination on August 13, 2004.

On August 11, 2004 and August 12, 2004, Ludwig and Higdon, respectively, filed petitions for writ of mandamus with the court of appeals seeking to compel the trial court to dismiss the case for failure to render a final order before the dismissal date. On October 21, 2004, the court of appeals granted mandamus relief and ordered the trial court to dismiss the Department's case. On November 18, 2004, the court of appeals denied the Department's motion

for rehearing, correctly noting that Ludwig's intervention would be unaffected by the dismissal of the Department's SAPCR. The next day, the Department filed a petition for writ of mandamus in this Court and a motion to stay further proceedings. This Court granted the motion to stay.

■ Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). The issuance of mandamus by the court of appeals is improper if the trial court did not abuse its discretion or if the record fails to demonstrate the lack of an adequate remedy on appeal. *In re Prudential,* 148 S.W.3d at 135–36; *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). A trial court abuses its discretion when it fails to apply the law correctly, so we consider the trial court's legal ruling. *Walker,* 827 S.W.2d at 839–40.

■ In construing a statute, our objective is to determine and give effect to the Legislature's intent. *McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003). To determine the Legislature's intent, we look to the statute's plain language and the common meaning of the statute's words. *Id.* Subsection 263.401(a) of the Texas Family Code requires a trial court to dismiss a SAPCR filed by the Department if a final order has not been rendered by the first Monday after the one-year anniversary of the date when the trial court appointed the Department temporary managing conservator. The statute allows a maximum extension of 180 days. TEX. FAM. CODE § 263.401(b), (c). If the trial court has not rendered a final order at the expiration of the additional 180 days, the court must dismiss the SAPCR. *Id.* § 263.401(c). Section 263.403, entitled

"Monitored Return of Child to Parent," provides an exception to the dismissal rule, but it is not applicable to this case.

■ Higdon argues the time period described in subsection 263.401(a) began running on the day the trial court entered its ex parte orders. She calculates the first Monday after the one-year anniversary of the January 23, 2003 ex parte order as January 26, 2004. After adding a 180–day extension, she argues the dismissal deadline was Saturday, July 24, 2004. The Department argues that the January 23, 2003 ex parte order that gave the Department temporary conservatorship did not trigger the section 263.401 time period. Instead, the Department contends that the period began after the August 11, 2003 hearing, making the dismissal deadline August 15, 2004.

The Department obtained temporary managing conservatorship by order of the trial court on January 23, 2003. Thus, the statutory time period started on January 23rd because a court "rendered a temporary order appointing the department as temporary managing conservator." TEX. FAM.CODE § 263.401(a). Nothing in the statute excludes the Department's fourteen-day conservatorship obtained through the ex parte order from the calculation of the dismissal deadline in section 263.401. We therefore determine the deadline to be the date of the Monday following the one-year anniversary of January 23, 2003, which is January 26, 2004.

On January 26, 2004, the trial court held a permanency hearing at which the court concluded that a 180–day extension of this dismissal deadline was in the best interest of the children, as permitted by subsection 263.401(b) of the Texas Family Code and set the dismissal date for July 24, 2004. We agree that July 24, 2004 was the dismissal deadline for the Department's

SAPCR. The trial court erred when it failed to render a final order by that deadline.

 Parties may waive complaints about a trial court's failure to render a timely final order. Section 263.402 describes the vehicles by which a party can obtain a dismissal: a timely motion to dismiss or a motion requesting the court to render a final order before the deadline for dismissal. A timely motion to dismiss must be filed before the Department introduces all of its evidence, other than rebuttal evidence. *Id.* § 263.402(b). A motion requesting the court to render a final order must be made before the dismissal deadline passes. *Id.* The Department argues that Ludwig's and Higdon's motions to dismiss were not timely made.

On July 19, 2004, the trial began. On Thursday, July 22, 2004, Ludwig and Higdon made motions to dismiss based on the Saturday, July 24 dismissal deadline. The Department rested its case on Friday, July 23. On Wednesday, July 28, 2004, the jury returned a unanimous verdict terminating the parent-child relationship between Higdon and each child and appointing the Department, rather than Ludwig, sole managing conservator of the children. The trial court read the verdict, terminated the parental rights of the fathers, and denied both motions to dismiss. Higdon and Ludwig complied with the statutory deadline by filing before the Department rested and had ripe motions to dismiss before the trial court when the deadline passed. The trial court abused its discretion by failing to dismiss the Department's SAPCR within the statutory time period as requested by Higdon's and Ludwig's timely motions.

 Now we must determine whether the court of appeals correctly concluded that Higdon and Ludwig had no adequate remedy by appeal and were therefore entitled to mandamus relief. Although we have recognized that the standard's "operative word, 'adequate', has no comprehensive definition" and demands a "careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts," mandamus will not issue when the law provides another plain, adequate, and complete remedy. *In re Prudential,* 148 S.W.3d at 135–36; *see also Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648, 652 (1958).

However, "[j]ustice demands a speedy resolution" in cases involving child custody. *See Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987). In fact, we have acknowledged that appeal "is frequently inadequate to protect the rights of parents and children...." *Id.* (granting mandamus relief for a trial court's failure to transfer a custody dispute to the required venue). The Legislature enacted section 263.405, which provides an accelerated appeal that shortens deadlines, expedites filing of the appellate record, and requires the appellate court to "render its final order or judgment with the least possible delay," to address this concern. TEX. FAM.CODE § 263.405(a); *see* HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 2249, 77th Leg., R.S. (2001) ("House bill 2249 addresses post-judgment appellate delays ...."); *see also* TEX. FAM. CODE § 263.405 (expediting appeals of final orders rendered under subchapter E "Final Order for Child under Department Care"); *id.* § 263.304 (authorizing parties to seek mandamus relief to compel a court to comply with certain duties). Texas Rule of Appellate Procedure 28 provides other mechanisms for expediting appeals involving the termination of parental rights.

In this case, Higdon and Ludwig filed their motions to dismiss during trial. Be-

cause the trial was underway when the dismissal deadline passed and because physical possession of the children had already transferred to the Department when the petition for writ of mandamus was filed with the court of appeals, we conclude that an accelerated appeal provided an adequate remedy in this case. We do not hold that a party complaining of a trial court's failure to dismiss a SAPCR within the statutory deadline could never be entitled to mandamus relief, but under the facts of this case, we cannot conclude that an accelerated appeal was not an adequate remedy. Impending transfer of physical possession of the children or a trial court's unreasonable delay in entering a final decree might alter this conclusion, but this record raises neither concern. In fact, because the trial court entered the final decree on August 13, 2004, Ludwig and Higdon could have initiated an accelerated appeal under section 263.403 of the Texas Family Code at worst two days after they filed their petitions for writ of mandamus.

■ We recognize that in particular cases the statute could work injustice or encourage gamesmanship to push litigation beyond the deadline. We presume the Legislature recognized this also. But the Legislature also recognized that a statutory deadline would expedite the trial of these cases to help provide a modicum of certainty for children whose family situations are subject to the outcomes in these proceedings. It is not the Court's task to choose between competing policies addressed by legislative drafting. *See McIntyre,* 109 S.W.3d at 748. We apply the mandates in the statute as written.

For these reasons, we conclude that the court of appeals erred in granting Ludwig's and Higdon's petitions for writ of mandamus. We conditionally grant the Department's petition for writ of manda-

mus because Higdon and Ludwig had an adequate remedy by appeal. Pursuant to Texas Rule of Appellate Procedure 52.8(c) and without hearing oral argument, we direct the court of appeals to vacate its order to the trial court directing the trial court to dismiss the case. The writ will issue only if the court of appeals does not comply.

Justice O'NEILL filed a dissenting opinion.

Justice O'NEILL, dissenting.

Two years ago, the court of appeals granted Joy Higdon (the children's mother) and Ruby Ludwig (the children's great-grandmother) mandamus relief, holding that the trial court was required to dismiss the Department's suit seeking termination of Higdon's parental rights because no final judgment was rendered within the time limit established by section 263.401 of the Family Code. We stayed that order, and presumably the children have remained in foster care pending the outcome of these proceedings. The Court now agrees that the trial court was required to dismiss the case, but holds that the court of appeals erred in granting mandamus relief because Higdon and Ludwig had an adequate remedy in the accelerated appeal afforded by section 263.405 of the Family Code. Neither the Department nor any of the real parties in interest raise this issue, perhaps because it is inconsistent with our mandamus jurisprudence. Because I believe that mandamus review is appropriate in this case, I respectfully dissent.

First, as the Court acknowledges, we have regularly granted mandamus relief in cases affecting child custody. *See, e.g., Powell v. Stover,* 165 S.W.3d 322, 324 (Tex. 2005); *In re Forlenza,* 140 S.W.3d 373, 379 (Tex.2004). Child-custody proceedings touch on constitutional interests of parents and critical issues affecting children's wel-

fare. *In re M.S.*, 115 S.W.3d 534, 547 (Tex.2003). In this sensitive context, we have afforded mandamus review even though an appeal may have been available. *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994).

I agree with the Court that mandamus is generally not available to a party that has an adequate remedy by appeal. But we have said that the concept of "adequacy" is not inexorably fixed, and "rigid rules are necessarily inconsistent with the flexibility that is the remedy's principal virtue." *In re Prudential Ins. Co.*, 148 S.W.3d 124, 136 (Tex.2004). In recent years, we have allowed mandamus review to protect interests of far less consequence than those at stake in this case. We have, for example, granted mandamus relief to a party wrongfully denied arbitration, *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266 (Tex. 1992); a party seeking to enforce a forum-selection clause, *In re AIU Ins. Co.*, 148 S.W.3d 109 (Tex.2004); a party seeking relief from overbroad discovery orders, *In re CSX Corp.*, 124 S.W.3d 149 (Tex.2003); a party seeking to enforce a pre-trial jury waiver, *In re Prudential Ins. Co.*, 148 S.W.3d 124; and a party denied a legislative continuance under § 30.003 of the Texas Civil Practice and Remedies Code, *In re Ford Motor Co.*, 165 S.W.3d 315, 322 (Tex.2005). Yet when a child lingers in foster care while the legal process determines whether the parental relationship will be forever severed, the Court decides that an adequate appellate remedy precludes mandamus review. Under the circumstances this case presents, I disagree.

On the dates Higdon and Ludwig filed their mandamus petitions in the court of appeals, August 11 and 12, 2004, respectively, no appeal was then available because the trial court had not yet rendered a final judgment. I seriously doubt that the Court would question the propriety of mandamus relief if, for example, the trial court had denied Higdon and Ludwig's motion to dismiss and issued a six-month continuance. Further, although the trial court did enter a judgment terminating parental rights and appointing the Department the children's managing conservator on August 13th, after the mandamus petition was filed, the trial court had no power to render any judgment but dismissal under both the court of appeals' and this Court's construction of the Family Code. At this point in the proceedings, it is questionable whether Ludwig or Higdon will be able to appeal the trial court's judgment. *See* Tex.R.App. P. 26.1(b) (notice of appeal in accelerated appeal must be filed within 20 days after the judgment or order is signed).

This Court has suggested that a party may be excused from pursuing an appellate remedy when a trial court acts with a "complete lack of authority" in a manner that adversely affects our legal system, or if it commits an error that is clear and simple to correct. *In re Prudential Ins. Co.*, 148 S.W.3d at 137. In this case, the Court agrees that the trial court lacked authority to do anything but dismiss the Department's action. The error was clear, and the solution straightforward—an order directing the trial court to dismiss the case. While the overall effect on the legal system of the trial court's failure to dismiss may not be widespread, the consequence to the family in this case is deep and potentially irremediable. If the avenue of appeal proves to be foreclosed in this case, the family will be permanently dissolved even though the path to review that Ludwig and Higdon chose was entirely appropriate at the time. Under these circumstances, I would deny the Department's petition for writ of mandamus.