# NO. 12-17-00324-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DAVE D. GREER,* | § | *ORIGINAL PROCEEDING* |
| | § | |
| *RELATOR* | | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Relator, Dave D. Greer, has filed this original proceeding in which he complains of the trial court's failure to rule on his motion to proceed in forma pauperis and to conduct a hearing and rule on his petition for expunction.[1]  We deny the writ.

### PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy.  *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion.  *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).  The relator has the burden of establishing both of these prerequisites.  *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).  "Mandamus will not issue when the law provides another plain, adequate, and complete remedy."  *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

---

[1] Respondent is the Honorable Pam Fletcher, judge of the 349th District Court in Anderson County, Texas.

## AVAILABILITY OF MANDAMUS

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). A trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

According to the documents attached to Relator's petition for writ of mandamus, he signed a petition for expunction of records on October 3, 2016, along with a motion to proceed in forma pauperis. Relator states that, on January 6, 2017, he inquired about why his petition has not be set for a hearing. On January 20, the district clerk provided Relator with a letter that stated: "Per Judge Fletcher, your case will not be set for a hearing until the court costs in the amount of $389.00 are paid to the Anderson County District Clerk's office. Thank you." According to Relator, on June 19, he filed an affidavit of previous filings that included another motion to proceed in forma pauperis and a copy of his inmate trust fund statement. On August 9, the district clerk sent a second letter, which stated as follows:

> Please be advised that the Judge has requested that the filing fee must be paid in the amount of $289.00 in the above-referenced case before a hearing date will be set.
>
> Upon payment of the filing fees, your case will be set for a hearing date. Thank you.

On September 20, Relator sent a letter to the trial court, in which he notified the trial court of his filings and his intent to pursue a petition for writ of mandamus.

We first note that Relator's petition for expunction and motion to proceed in forma pauperis are not file-stamped; thus, the record does not indicate when the documents were actually filed with the district clerk.[2] Moreover, the district clerk's January 20 and August 9

---

[2] Relator contends that the documents were filed on October 6.

2

letters requesting payment of the filing fee indicate that either the motion to proceed in forma pauperis was not brought to the trial court's attention or the trial court denied the motion. We also note that Relator's September 20 letter is not file stamped or certified, and the record does not evidence that the letter was actually received by the trial court. *See* TEX. R. APP. P. 52.3(k)(1)(A); *see also **In re Taylor***, No. 06-16-00016-CV, 2016 WL 1435386, at *1 (Tex. App.—Texarkana Apr. 12, 2016, orig. proceeding) (relator's letters to court were not file-marked or accompanied by other evidence showing their receipt, and did not show "the trial court received, was aware of, and was asked to rule on his pleadings[]").

Even assuming the trial court received Relator's letter, the trial court still has a reasonable time in which to rule once the matter is called to the judge's attention. *See **In re Thomas***, 2005 WL 2155244, at *1. Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." ***Chavez***, 62 S.W.3d at 228. "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." ***Id***. at 228-29. In this case, the mandamus record contains no evidence of the number of other cases, motions, or issues pending on the trial court's docket, those which have pended on its docket longer than the present case, those pending on its docket that lawfully may be entitled to preferential settings, or the trial court's schedule. *See **id***. at 229. Therefore, assuming that the September 20 letter was brought to the trial court's attention, the record does not indicate that a reasonable time for ruling has passed. *See **id***. at 228-29. Accordingly, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered October 25, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 25, 2017**

**NO. 12-17-00324-CV**

**DAVE D. GREER,**
Relator
V.

**HON. PAM FLETCHER,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Dave D. Greer; who is the relator in Cause No. DCCV16-627-349, pending on the docket of the 349th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on October 20, 2017, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4