# NO. 12-21-00110-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: M.F.G., INDIVIDUALLY AND AS NEXT FRIEND FOR I.J.G., A MINOR, RELATOR* | § § § | *ORIGINAL PROCEEDING* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

M.F.G., individually and as next friend for I.J.G., a minor, filed this original proceeding to complain of various actions and inactions by Respondent.[1]  We deny the writ.

## BACKGROUND

This proceeding arises out of a suit affecting the parent child relationship.  Relator is the mother of I.J.G.  On April 29, 2021, Relator filed a notice of appeal from the final order.  That appeal remains pending before this Court in cause number 12-21-00068-CV.

On July 1, Respondent held a hearing on the Texas Department of Family and Protective Services's motions for orders pending appeal.  One motion sought to stop Relator's visitation with I.J.G.  Relator argued that she did not receive timely notice of the hearing and was inadequately prepared.  Respondent asked, "If I were to grant you time [a continuance], would you be willing to waive this weekend's visit?"  The following exchange ensued:

> Respondent: …so you're telling the Court you're not willing to waive your visitation at this time by agreement until we can have this hearing? It's up to you entirely, [M.F.G.], but I'm willing to give you time if you're willing to do that. And if you are right and you prevail, I would be willing to give you some make up time.

> Relator: All right. Thank you, Your Honor. I'll take it.

> Respondent: You would agree with that?

---

[1] Respondent is the Honorable Robert H. Wilson, Judge of the 321st District Court in Smith County, Texas. The Texas Department of Family and Protective Services is the Real Party in Interest.

Relator: Absolutely.

Respondent: Okay. So, Mrs. Wortham [Department's counsel], I think at this point we have a stipulation that [M.F.G.] will not exercise her visitation until we're able to reset this hearing.

Respondent rescheduled the hearing for July 21 and informed Relator that she would have an opportunity to present evidence at the hearing. Further, the Department explained during the hearing that a trial had been scheduled for October 19, but that trial could not occur until resolution of the appeal. Relator expressed that the jury demand was in error and expressed an intent to withdraw the demand. On July 14, Relator filed this original proceeding.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

## ENTITLEMENT TO MANDAMUS RELIEF

Relator presents several issues for our review with respect to the July 1 hearing. First, she complains that Respondent abused his discretion by restraining her from further contact/visitation with I.J.G. and by not returning I.J.G. to her parent. But the record indicates that Relator agreed to forego visitation pending a rescheduled hearing on the Department's motions. She cannot now complain of an action to which she agreed in the trial court. *See In re Guardianship of Jordan*, 348 S.W.3d 401, 411 (Tex. App.—Beaumont 2011, no pet.). Second, she complains that Respondent entertained a motion submitted by the Department on the day of the hearing to cause termination of her parental relationship. But the record does not support this assertion, as the hearing was held to address orders pending appeal. Third, Relator appears to challenge Respondent's jurisdiction and authority to act at the hearing. However, in a suit affecting the parent-child relationship, on a party's motion or on the trial court's own motion,

2

after notice and hearing, the "court may make any order necessary to preserve and protect the safety and welfare of the child during the pendency of an appeal as the court may deem necessary and equitable." TEX. FAM. CODE ANN. § 109.001(a) (West Supp. 2020). Fourth, Relator asserts that Respondent restrained her from obtaining evidence controlled by the Department. Again, the record does not support this assertion. Respondent informed Relator that he did not normally get involved in discovery, but that she had the right to request evidence from the Department. Fifth, she complains of inadequate notice and lack of an opportunity to defend herself. The record reflects that she broached this issue with Respondent and the hearing was rescheduled to July 21. She did not object to the rescheduled date. Finally, Relator requests that we order Respondent to vacate the order from July 1. But because the record does not demonstrate that Respondent signed any orders on that date, there is no order to vacate.

Additionally, Relator challenges Respondent's setting trial for October when trial should have concluded on or before the anniversary of the date that I.J.G. was removed from Relator's possession. However, this issue is more appropriately raised in Relator's pending appeal. *See Interest of E.S.*, No. 12-21-00057-CV, 2021 WL 3265543 (Tex. App.—Tyler July 30, 2021, no pet. h.) (mem. op.) (addressing on appeal expiration of trial court's jurisdiction when dismissal deadline passed without extension or trial); *see also In re Z.S.*, No. 14-19-00891-CV, 2020 WL 2037202, at *1 (Tex. App.—Houston [14th Dist.] Apr. 28, 2020, no pet.) (op.) (addressing on appeal whether trial court lacked jurisdiction because trial did not commence before statutorily prescribed date).

Relator also asks this Court to order Respondent to vacate his numerous orders dated between September 27, 2019, and July 1, 2021. She complains of various rulings made by Respondent pertaining to danger to I.J.G.'s health and safety caused by Relator's actions or failures to act, an urgent need for I.J.G.'s protection, efforts made to prevent removal, requirements that Relator submit to drug screenings and counseling, failure to impose restrictions on the Department's care and treatment of I.J.G., whether standard possession guidelines are in I.J.G.'s best interest, continuance of conservatorship with the Department, and failure to set an adversary hearing date in the September 27, 2019, order. She contends that the Department lacked sufficient evidence to support its allegations against her and that I.J.G. suffered physical injuries after removal from Relator's care. She further raises constitutional challenges and

3

alleges violations of the Child Abuse Prevention and Treatment Act and the fit parent presumption.

However, a party seeking mandamus relief must bring forward all that is necessary to establish her claim for mandamus relief. *See* TEX. R. APP. P 52. On July 14, 2021, the Clerk of this Court notified Relator that her petition failed to comply with Texas Rules of Appellate Procedure 52.3(k) and 52.7. *See* TEX. R. APP. P. 52.3(k) (appendix); *see also* TEX. R. APP. P. 52.7 (record). The notice further advised that the petition would be referred to the Court for dismissal unless she provided an appendix and record on or before July 19. We subsequently granted Relator two extensions to comply. She provided an appendix and the July 1 hearing transcript. The appendix contains a copy of the July 1 transcript, Relator's request for findings of fact and conclusions of law, and Relator's notice of past due findings of fact and conclusions of law.

But Texas Rule of Appellate Procedure 52.7 requires the relator to file (1) a certified or sworn copy of every document that is material to her claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). Relator did not provide a record in accordance with Rule 52.7 with respect to arguments related to issues outside the July 1 hearing. It is a relator's burden to provide this Court with a record sufficient to establish the right to mandamus relief. *See **In re Mack***, No. 12-19-00238-CV, 2019 WL 3024757, at *1 (Tex. App.–Tyler July 10, 2019, orig. proceeding) (mem op.). Absent the applicable record, we cannot determine whether Relator is entitled to mandamus relief as to her remaining complaints.[2] *See **id***.

---

[2] We note that the record has been filed in Relator's pending appeal. But Relator does not provide any record references in her various arguments. *See* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and the record); *see also **Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.) (a pro se litigant is held to same standards as licensed attorneys and must comply with all applicable rules of procedure). Even were we to take judicial notice of the appellate record, it is not this Court's duty, or even right, to conduct an independent review of the record and applicable law to determine whether there was error. ***Interest of A.E.***, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. ***Id***.

## DISPOSITION

For the foregoing reasons, we conclude that Relator has not established a right to mandamus relief. We ***deny*** her petition for writ of mandamus and ***overrule as moot*** all pending motions.

Opinion delivered September 1, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 1, 2021**

**NO. 12-21-00110-CV**

**M.F.G., INDIVIDUALLY AND AS**
**NEXT FRIEND FOR I.J.G., A MINOR,**
Relator
V.

**HON. ROBERT H. WILSON,**
Respondent

___

### ORIGINAL PROCEEDING

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by M.F.G., individually and as next friend for I.J.G., a minor; who is the relator in appellate cause number 12-21-00110-CV and the respondent in trial court cause number 19-2400-D, pending on the docket of the 321st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on July 14, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*