# NO. 12-21-00229-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: M.G., INDIVIDUALLY* | § | |
| *AND AS NEXT FRIEND FOR I.G.,* | § | *ORIGINAL PROCEEDING* |
| *A MINOR, RELATOR* | § | |

## *MEMORANDUM OPINION*

M.G., acting pro se, filed this original proceeding in which she argues that Respondent abused his discretion by failing to establish jurisdiction on the record, ordering her to participate in extended family planning services, permanently restricting her access to the child, I.G., denying her motion to terminate the case for lack of jurisdiction, and denying her sole managing conservatorship of I.G.[1] We deny the writ.

## BACKGROUND

This proceeding arises out of a suit affecting the parent child relationship. M.G. is the mother of I.G. On September 27, 2019, the Real Party in Interest, the Texas Department of Protective and Regulatory Services, filed an original petition for protection of a child, for conservatorship, and for termination. The Department pleaded that I.G. was in immediate danger or had been the victim of neglect or abuse, and continuing in the home would be contrary to her welfare. In an affidavit, caseworker Kathryn Deshotel stated that M.G. "was positive for methamphetamine via hair strand drug testing[,]" and (1) has a history of substance abuse, (2) a previous removal, (3) was uncooperative with the Department during the investigation, and (4) "has a history of being uncooperative with the Department[.]" Deshotel stated that I.G. "is only five years old and therefore unable to self-protect or provide for her own basic needs."

---

[1] Respondent is the Honorable Taylor Heaton, Judge of the County Court at Law No. 2 in Smith County, Texas.

According to Deshotel, on July 31, 2019, the Department received an intake alleging neglectful supervision and physical neglect of I.G. The intake alleged that M.G. was allowing addicts in her home and methamphetamine was being used in I.G.'s presence.

The trial court rendered an order for protection of a child in an emergency, finding that there was an immediate danger to I.G.'s physical health or safety and continuing in the home would be contrary to her welfare. The order appointed the Department as I.G.'s temporary sole managing conservator. The trial court also signed an order for issuance of a writ of attachment with respect to I.G. The Department eventually placed I.G. with her adult sister, C.F.

The parties attended mediation, and on February 22, 2021, entered into an irrevocable mediated settlement agreement (MSA), which provided that C.F. would be allowed a reasonable time to complete the Fostering Connections program, and the Department would be I.G.'s managing conservator while C.F. was enrolled in the program. Under the terms of the MSA, upon C.F.'s successful completion of the program, C.F. would be appointed sole managing conservator of I.G., and M.G. would be appointed possessory conservator. The MSA also provided that the Department's claim for termination of M.G.'s parental rights would be denied.

A final order was signed on April 29, 2021, which included findings that M.G. freely and voluntarily signed the MSA and there was no evidence of fraud, duress, or coercion, and overruled M.G.'s objection to the MSA. The Department was appointed permanent managing conservator and would continue in that capacity "until [C.F.] has a reasonable period of time to complete the Fostering Connections program[.]" The final order provided that upon C.F.'s completion of the Fostering Connections program, the Department would seek to transfer managing conservatorship to C.F. M.G. was appointed possessory conservator of I.G. M.G. appealed from the final order and this Court affirmed.[2] On December 6, Respondent conducted a permanency hearing after final order. M.G. filed this original proceeding on December 13.[3] Respondent signed the permanency order on December 16.

---

[2] *See In the Interest of I.G.*, No. 12-21-00068-CV, 2022 WL 175662, (Tex. App.—Tyler Jan. 19, 2022, no pet. h.) (mem. op.).

[3] M.G. previously filed a petition for writ of mandamus, which this Court denied. *See In re M.F.G.*, No. 12-21-00110-CV, 2021 WL 3922923 (Tex. App.—Tyler Sept. 1, 2021, orig. proceeding) (mem. op.).

Mandamus is an extraordinary remedy. ***In re Sw. Bell Tel. Co., L.P.***, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. ***In re Cerberus Capital Mgmt., L.P.***, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. ***In re Fitzgerald***, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." ***In re Tex. Dep't of Family and Protective Servs.***, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

## ANALYSIS

M.G. presents several arguments for this Court's review. First, M.G. contends Respondent abused his discretion by denying her second amended emergency motion seeking termination of the proceedings for lack of jurisdiction and seeking I.G.'s immediate return.[4] Second, M.G. argues that Respondent abused his discretion by "terminating" her "from any further communication" with I.G. without evidence that she is an unfit parent. She maintains that I.G. will not be in imminent danger of physical or emotional harm in M.G.'s custody, particularly given injuries that M.G. claims I.G. sustained while in the Department's custody. Pointing to the fact that an allegation of neglect was lodged against her with respect to her other minor child, but the Department determined the allegation was unfounded, M.G. asserts that the allegations against her regarding I.G. should be called into question.[5] Additionally, M.G. states there is no evidence that an emergency existed or that returning I.G. to her would create a

---

[4] Also without offering analysis, M.G. cites to Section 263.401 of the family code, which provides that a trial court automatically loses jurisdiction over a suit requesting to be named a child's conservator "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator" unless the court has commenced a trial on the merits or granted an extension. TEX. FAM. CODE ANN. § 263.401(a), (b) (West Supp. 2021). However, in M.G.'s direct appeal from the final order, this Court determined that the trial court did not lose jurisdiction under Section 263.401. *See **I.G.***, 2022 WL 175662, at *3-4. Moreover, the family code requires that when the Department has been named as a child's managing conservator in a final order that does not include termination of parental rights, the court shall conduct a permanency hearing after the final order is rendered at least once every six months until the Department is no longer the child's managing conservator. TEX. FAM. CODE ANN. §§ 263.501(a), 263.5031 (West 2019 & Supp. 2021). And to the extent M.G. complains of a denial of the right to be heard, the December 16 order reflects that she appeared at the December 6 permanency hearing and announced ready.

[5] An excerpt from a letter dated November 16, 2021 reflects that the Department ruled out an allegation of physical neglect with respect to M.G.'s other minor child.

substantial risk of continuing danger. Third, M.G. challenges Respondent's order requiring that she attend family services and submit to a substance abuse shelter for thirty days to avoid termination of her parental rights. According to M.G., she already completed family services and was rejected by the shelter because she did not use alcohol or drugs.[6] M.G. argues there is no evidence of her being under the influence of drugs or alcohol, especially given her negative drug screenings.

However, a mandamus petition must contain clear and concise arguments for the contentions made, with appropriate citations to authorities and the appendix or record.[7] *See* TEX. R. APP. P. 52.3(h). Fulfilling this duty entails more than proffering mere conclusions; a relator must provide substantive legal analysis supporting the arguments and conclusions. *Fitzgerald*, 429 S.W.3d at 897. It is not this Court's duty, or even right, to conduct an independent review of the record and applicable law to determine whether there was error. *Interest of A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id*. Here, aside from generally citing legal authority, M.G.'s arguments consist of mere conclusions unaccompanied by any substantive discussion of legal principles or controlling authority. We will not speculate as to the substance of the specific issues presented or make a party's arguments for her. *See Stanton v. Gloerson*, No. 05-16-00214-CV, 2016 WL 7166550, at *5 (Tex. App.—Dallas, Nov. 30, 2016, pet. denied) (mem. op.). Relator's failure to fulfill her duty under Rule 52.3(h) results in waiver of her complaints.[8] *See Fitzgerald*, 429 S.W.3d at 897; *see*

---

[6] Respondent's December 16 permanency order following the final order provides that M.G. may not have any visitation until the completion of a thirty-day sober living treatment and defers ordering a bonding assessment until M.G. "works some services." A letter from Oxford House Ohana states that it provides a "place of recovery and provides a sober living environment," but was unable to provide M.G. a place as of October 2019. An undated letter from Oxford House Marilyn states that it would be willing to accommodate M.G. if she met its requirements, but that it did not believe Oxford House Marilyn is what M.G. or the court "are looking for." The record before us does not demonstrate that M.G. was rejected because she does not use alcohol or drugs. Moreover, the permanency progress report referred to in the December 16 order is not in the record before us.

[7] Even a pro se litigant is held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *See Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

[8] We also note that on December 13, 2021, the Clerk of this Court notified M.G. that her petition failed to comply with the requirements of Texas Rule of Appellate Procedure 52.7. *See* TEX. R. APP. P. 52.7(a) (record). This Court granted M.G.'s request for an extension of time to comply with Rule 52.7. On January 12, Respondent conducted an indigency hearing and signed an order stating that M.G. failed to present evidence of her inability to afford costs and refused to complete a pauper's oath application. Accordingly, Respondent denied her request for a

*also* **In re Lankford,** 501 S.W.3d 681, 690 (Tex. App.—Tyler 2016, orig. proceeding) (declining to address issue that was unsupported by any substantive analysis); **Stanton**, 2016 WL 7166550, at *5.

## DISPOSITION

Having determined that M.G.'s complaints are waived, we *deny* her petition for writ of mandamus.  All pending motions are *overruled as moot*.

**BRIAN HOYLE**
Justice

Opinion delivered January 26, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

free transcript and record.  On January 18, the court reporter notified this Court that M.G. had not made payment arrangements to obtain the record.  Thus, M.G. never complied with Rule 52.7.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 26, 2022**

**NO. 12-21-00229-CV**

**M.G., INDIVIDUALLY AND AS NEXT FRIEND FOR I.G., A MINOR,**
Relator
V.

**HON. TAYLOR HEATON,**
Respondent

---

**ORIGINAL PROCEEDING**

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by M.G., individually and as next friend for I.J.G., a minor; who is the relator in appellate cause number 12-21-00229-CV and the respondent in trial court cause number 19-2400-D/F, pending on the docket of the County Court at Law No 2 of Smith County, Texas. Said petition for writ of mandamus having been filed herein on December 13, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*