

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00181-CV

**IN RE STATE EX REL. STEVEN A. WADSWORTH,**
County Attorney, Gillespie County, Texas

Original Mandamus Proceeding[1]

Opinion by:   Lori I. Valenzuela, Justice

Sitting:       Patricia O. Alvarez, Justice
               Beth Watkins, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: August 31, 2022

PETITION FOR WRIT OF MANDAMUS GRANTED IN PART AND DENIED IN PART

The underlying case is a juvenile matter in which the grand jury approved determinate sentencing with respect to an allegation of sexual assault. *See* TEX. FAM. CODE §§ 53.045(a)(5); 54.04(d). Following a pretrial hearing, the trial court signed an order granting the real party in interest's Motion to Inspect, Examine and Independently Test Physical Evidence ("motion to inspect") and denying relator's motion to quash subpoenas. Relator filed a petition for writ of mandamus complaining of the order and a motion to stay the order.[2] We conditionally grant the petition in part and deny in part.

---

[1] This proceeding arises out of Cause No. JV-0018CCL, styled *In the Matter of M.A.C.S.C., a Juvenile*, pending in the County Court, Gillespie County, Texas. The Honorable Christopher G. Nevins signed the order at issue in this proceeding.

[2] The motion to stay was granted.

# BACKGROUND

M.A.C.S.C. is the real party in interest and the juvenile defendant in the underlying proceeding. In M.A.C.S.C.'s motion to inspect, he asked the court to order the State to, among other things, make available for inspection the Jeep where the alleged incident occurred to allow him and his experts the right to examine, inspect, photograph, and conduct scientific tests. M.A.C.S.C. also served the complainant's parents each with a subpoena duces tecum directing each parent to bring the complainant's cell phone records including all text messages and data with regard to M.A.C.S.C., as well as all social media data including, but not limited to, Snapchat regarding M.A.C.S.C. for the cell phone. The State opposed the motion to inspect and moved to quash the subpoenas.

After two non-evidentiary hearings, the trial court signed an order that included the following findings:

> 1. it is reasonable to believe that any other Snapchat communications and/or text messages relating to the incident that may reside on the Complaining Witness' phone would be material and relevant to [M.A.C.S.C.'s] case and could be favorable to [M.A.C.S.C.] if such Snapchat communications and/or text messages were exculpatory.
> 2. no disagreement exists between the parties that the Complaining Witness' phone is actually owned by and is in the custody of the Complaining Witness' parents[.]
> 3. the Jeep, where the alleged incident occurred, is also owned and in the possession of the Complaining Witness' parents.
> 4. the parties agree that four individuals were in the Jeep when the alleged incident occurred and, so being, would be material and relevant to [M.A.C.S.C.'s] case and could be favorable to [M.A.C.S.C.].

> The court ordered

> 1. the parents to bring the Jeep and cell phone for inspection and that the cell phone be presented to the court for the court's, and only the court's, in camera inspection;
> 2. the parents to present the phone's necessary passwords and information for the court to access the Snapchat application as well as text messages;
> 3. that no communications be deleted, modified, destroyed, manipulated, or hidden by any party prior to presentation to the court;

4. the Jeep be presented for a thirty-minute inspection at a location agreed upon by the parties; and

5. [the complainant's parents] to present the phone's necessary passwords and information for the Court to access the Snapchat application as well as text messages. The Court will tailor the scope of the Court's in-camera inspection regarding the subpoenaed information. If proper, the Court will have the court-reporter present during the examination if the [parents] need to be present (at the discretion of the Court) while the Court examines the phone and seeks relevant and private information to access the phone. The parties are notified that the Court has neither the inclination nor desire to examine the information on the phone except in a scope that the Court believes would possibly lead to any material and relevant or exculpatory communications.

The State filed its petition for writ of mandamus and M.A.C.S.C. filed a response.

## STANDING

As a preliminary matter, we first address M.A.C.S.C.'s argument that the State lacks standing to bring this original proceeding. To be entitled to mandamus relief, a relator must have a justiciable interest in the underlying controversy. *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding). M.A.C.S.C. asserts the State lacks standing because it does not have a justiciable interest to challenge the subpoenas. He argues the State does not have the right to enforce the rights of an alleged crime victim's parents.[3] In support of his argument, M.A.C.S.C. points to Texas Family Code section 557.002 and Texas Code of Criminal Procedure Article 56A.051.

Under Family Code section 557.002, the victim, guardian of a victim, or close relative of a deceased victim is entitled to certain rights within the juvenile justice system. These rights include the right to: certain information; have the safety of the victim or the victim's family taken into consideration in determining whether the juvenile should be detained prior to adjudication; provide information to a juvenile court concerning the impact of the offense; be provided a waiting area separate and secure from others; the prompt return of property of the victim held by law

---

[3] Relator did not file a reply to M.A.C.S.C.'s standing argument.

enforcement; have the State's attorney notify the victim's employer of the need for the victim's cooperation and testimony; be present at court proceedings; any right appropriate to the victim that a victim of criminal conduct has under Code of Criminal Procedure article 56A.051; and notification of the release or escape of a person. *See* TEX. FAM. CODE § 57.002.

Under Code of Criminal Procedure Article 56A.051, a victim, guardian of a victim, or close relative of a deceased victim is entitled to certain rights within the criminal justice system. The rights include the right to: receive from law enforcement adequate protection from harm or threats arising from cooperation with prosecution efforts; have the magistrate consider the safety of the victim or the victim's family in setting the amount of bail for the defendant; receive certain information; provide pertinent information for the purpose of a presentencing investigation concerning the impact of the offense on the victim and the victim's family, by testimony, written statement, or any other manner before any sentencing of the defendant; payment for a forensic medical examination under Article 56A.252 for a victim of an alleged sexual assault, and when requested, referral to available social service agencies that may offer additional assistance; participate in the parole process; be provided with a waiting area, separate or secure from other witnesses, including the defendant and relatives of the defendant, before testifying in any proceeding concerning the defendant; the prompt return of any of the victim's property held by a law enforcement agency or the attorney representing the State; have the attorney representing the State notify the victim's employer of the need for the victim's cooperation and testimony; request victim-offender mediation coordinated by the victim services division of the department; be informed of the uses of a victim impact statement and the statement's purpose in the criminal justice system, to complete the victim impact statement, and to have the victim impact statement considered; for a victim of an assault or sexual assault who is younger than seventeen years of age or whose case involves family violence, to have the court consider the impact on the victim of a

continuance requested by the defendant, and, if the offense is a capital felony, the right to (a) receive by mail from the court a written explanation of defense-initiated victim outreach if the court has authorized expenditures for a defense-initiated victim outreach specialist, (b) not be contacted by the victim outreach specialist unless the victim, guardian, or relative has consented to the contact by providing a written notice to the court, and (c) designate a victim service provider to receive all communications from a victim outreach specialist acting on behalf of any person; and, subject to the approval of the judge in the case, be present at all court proceedings. TEX. CODE CRIM. PROC. art. 56A.051(a).

The right to have the State represent or enforce the individual interests or rights of a victim, guardian of a victim, or close relative of a deceased victim is not among the rights enumerated in Family Code section 57.002 or Code of Criminal Procedure article 56A.051. However, Article I, section 30 of the Texas Constitution states a "crime victim has . . . (1) the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process; and (2) the right to be reasonably protected from the accused throughout the criminal justice process." TEX. CONST. art. I, § 30(a). "[A] victim's constitutional right to be treated with fairness and respect for his or her dignity and privacy differs as the victims' constitutional right spans the entire judicial process and is not limited in time to the post-conviction timeframe." *In re State*, 599 S.W.3d 577, 591 (Tex. App.—El Paso 2020, orig. proceeding). Section 30 also provides that "[t]he state, through its prosecuting attorney, has the right to enforce the rights of crime victims." TEX. CONST. art. I, § 30(d).

Although the complainant's parents own the cell phone, M.A.C.S.C. is seeking access to the phone's *contents*, which include the complainant's communications. By virtue of the complainant's constitutional right to be treated with fairness and with respect for her dignity and privacy throughout the criminal justice process, the Crime Victim's Bill of Rights, and the State's

right under the Texas Constitution to "enforce the rights of crime victims," we conclude the State has standing to file its petition for writ of mandamus. *See In re State*, 599 S.W.3d at 592 (holding State had standing to file a motion to quash a subpoena duces tecum aimed at a complaining witness).

## MANDAMUS STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must show the trial court committed a clear abuse of discretion and it has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). A trial court abuses its discretion if "'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'" or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding) (citation omitted). A "mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

## THE CELL PHONE, ITS PASSWORDS, AND DATA

Under M.A.C.S.C.'s subpoena duces tecum, each parent was directed to "bring the cell phone records including all text messages and data with regard to [M.A.C.S.C.] well as all social media data including but not limited to, Snapchat, regarding [M.A.C.S.C.] for the cell phone with [the] number [redacted out]." The subpoenas did not request the actual telephone or passwords. Nevertheless, the trial court ordered the parents to bring the cell phone to the court for in-camera inspection and "to present the phone's necessary passwords and information for the court to access the Snapchat application as well as text messages." The trial court also granted M.A.C.S.C.'s motion to inspect "as to the cell phone used by the [complainant] that is in possession of and/or owned by [her parents] if any."

Relator raises a number of challenges to this portion of the order, among which are that the trial court abused its discretion by (1) ordering the cell phone brought to the court because the court lacked authority under Texas Code of Criminal Procedure Chapter 24 and because no subpoena duces tecum requiring the phone be brought to the court ever issued, and (2) ordering the parents to give the court the necessary passwords and information to access texts and Snapchat because no subpoena duces tecum requiring that such be brought to the court ever issued.[4] M.A.C.S.C. argues his subpoenas narrowly tailored his request to only include certain text messages, data, and social media, but did not provide a method as to how the information and data was to be collected and produced. M.A.C.S.C. contends the trial court's order was the least intrusive method of obtaining the material and relevant information while maintaining respect for the complainant's privacy.

## A. M.A.C.S.C.'S Right to the Evidence

"[T]he right to present a complete defense is rooted in constitutional protections." *Saunders v. State*, No. 03-19-00191-CR, 2021 WL 1031343, at *4 (Tex. App.—Austin Mar. 18, 2021, no pet.) (mem. op.); *see also In re State*, No. 08-19-00151-CR, ___ S.W.3d ___, 2020 WL 5105215, at *4 (Tex. App.—El Paso Aug. 31, 2020, orig. proceeding) ("A criminal defendant in Texas possesses a cluster of discovery rights defined by constitutional case law and the Texas Code of Criminal Procedure."). However, a "subpoena duces tecum is not to be used as a discovery weapon but as an aid to discovery based upon a showing of materiality and relevance." *In re State*, 599 S.W.3d at 593. "Issuance of the subpoena is a matter of right on written application identifying

---

[4] Relator also asserts the trial court abused its discretion by granting the motion to inspect as to the cell phone because M.A.C.S.C. did not ask for the phone in his motion. Relator is correct that M.A.C.S.C.'s motion to inspect did not ask for an inspection of the cell phone. However, we also agree with M.A.C.S.C. that this is merely a typographical error on the trial court's part. The question of whether the trial court had the authority to order the parents to bring the Jeep for inspection is addressed in a later section of this opinion.

the witness and on assertion that the testimony sought is material to the State or the defense." *Id.* The burden of proving materiality and favorableness is on the defendant. *See id.*

Here, the trial court's order contained numerous findings, among which was that "it is reasonable to believe that any other Snapchat communications and/or text messages relating to the incident that may reside on the Complaining Witness' phone would be material and relevant to [M.A.C.S.C.'s] case and could be favorable to [M.A.C.S.C.] if such Snapchat communications and/or text messages were exculpatory." In its petition, relator does not challenge this finding. Therefore, we conclude M.A.C.S.C. had the right to obtain evidence of "all text messages and data with regard to [M.A.C.S.C.] as well as all social media data including, but not limited to, Snapchat, regarding [M.A.C.S.C.] for [the cell phone number of the complainant's cell phone]." The next issue is whether the trial court abused its discretion by ordering the parents to turn over the phone itself and passwords in order to conduct an in-camera inspection of the phone.

## B. Obtaining the Evidence

Chapter 24 of the Code of Criminal Procedure authorizes a defendant or the State to obtain a subpoena to secure the presence of witnesses whose testimony is material to its case. TEX. CODE CRIM. PROC. art. 24.01-.04. "A subpoena may summon one or more persons to appear: (1) before a court to testify in a criminal action at a specified term of the court or on a specified day; or (2) on a specified day . . . in any other proceeding in which the person's testimony may be required in accordance with this code." *Id.* art. 24.01(a)(1), (2)(E).

"If a witness have [sic] in his possession any instrument of writing or other thing desired as evidence, the subpoena may specify such evidence and direct that the witness bring the same with him and produce it in court." *Id.* art. 24.02. "The plain language of the statute only allows a party to apply for a subpoena that compels a witness to attend a hearing and bring with him or her an item or thing to the hearing that is explicitly mentioned." *In re State*, 599 S.W.3d at 593. "[A] subpoena duces tecum only goes so far as to secure the availability of evidence in connection with a court hearing." *Id.* at 594. "An Article 24.02 subpoena in a criminal case does not allow a party

to seize documents or other tangible things from a witness and dispossess said witness of the property requested." *Id.* at 595.

We note again that a "complaining witness has the right to privacy under the Texas Constitution. *Id.* at 600. Furthermore, "persons generally have a reasonable expectation of privacy in their cell phone." *Id.*; *see also Butler v. State*, 459 S.W.3d 595, 601 n.3 (Tex. Crim. App. 2015) ("Both the United States Supreme Court and this Court have lately recognized that cell phone users can have a reasonable expectation of privacy in the content of their cell phones, noting the plethora of highly personal information that may be found there—suggesting a certain unique relationship between owner and cell phone."). "Cell phones differ in both a quantitative and a qualitative sense from other objects that might be kept on" somebody's person. *Riley v. California*, 573 U.S. 373, 393 (2014). Cell phones have "immense storage capacity" and are essentially "minicomputers that also happen to have the capacity to be used as a telephone. They could just as easily be called cameras, video players, rolodexes, calendars, tape recorders, libraries, diaries, albums, televisions, maps, or newspapers." *Id.*; *see also In re State*, 599 S.W.3d at 605 (Alley, C.J., concurring) ("Phones contain a trove of private information: who our friends and family are, where do we bank, what are the passwords to our financial accounts, what we say on social media, and for some, what photo images of ourselves, family, friends, (and pets) do we most cherish.").

We also recognize M.A.C.S.C. has an "interest in securing evidence that would be material and favorable to vindicating his due process rights." *In re State*, 599 S.W.3d at 605. Finally, "we understand the frustrations of defense counsel in attempting to conduct investigations into their clients' cases to meet the constitutional duty to provide effective assistance of counsel." *Id.* at 603. "As with most competing rights, courts have to strike the right balance." *Id.* at 605.

The trial court did everything it could to balance the competing interests in this case. It did so, however, in the absence of the complainant's parents, who were told by the State to not attend the hearing. As a result, the trial court was unable to fully strike the right balance, value the competing rights, or determine (1) the least intrusive means of obtaining the evidence or whether the evidence sought was available on the complainant's phone or with a service provider, (2)

whether there is any evidence of spoliation; and (3) if a forensic examination was needed, whether an agent of the State or M.A.C.S.C. should be given the custody and control of the phone, as opposed to a court appointed or agreed expert.

Having concluded M.A.C.S.C. is entitled to the information he seeks, we nevertheless conclude that ordering the parents to turn over the phone and passwords for an in-camera inspection was an abuse of discretion at this stage of the proceedings[5] based on the absence of any testimony by the complainant's parents or, at the least, a conversation with them about the least intrusive method to obtain the information from their daughter's phone.

## THE JEEP

In M.A.C.S.C.'s motion to inspect, he asked the court to order the State to, among other things, "make available for inspection the Jeep where the alleged incident occurred" to allow him and his experts the right to examine, inspect, photograph, and conduct scientific tests. The trial court found "that the parties agree that four individuals were in the Jeep when the alleged incident occurred and, so being, would be material and relevant to [M.A.C.S.C.'s] case and could be favorable to [M.A.C.S.C.]." Relator does not challenge this finding. The court ordered "the Jeep be presented for a thirty-minute inspection at a location agreed upon by the parties." We conclude relator did not establish the trial court abused its discretion by ordering an inspection of the Jeep— for a mere thirty minutes—to take place at a location mutually agreed upon by the parties.

## INADEQUATE REMEDY BY APPEAL

We next address whether relator possesses an adequate remedy by appeal to remedy the trial court's error. Family Code section 56.03 provides that the State is entitled to appeal "an order of a court in a juvenile case in which the grand jury has approved of the petition under Section 53.045 if the order:"

---

[5] We do not consider the merits of the permissibility of an in-camera inspection at a later date following further proceedings regarding the least intrusive means of obtaining the evidence. Furthermore, "[n]othing in the Code of Criminal Procedure 'prohibit[s] the parties from agreeing to discovery and documentation requirements equal to or greater than those required' by the Code itself. . . . Indeed, many issues related to discovery are handled informally, which makes case law dealing with formal criminal discovery disputes relatively rare." *In re State*, 599 S.W.3d at 602.

(1) dismisses a petition or any portion of a petition;
(2) arrests or modifies a judgment;
(3) grants a new trial;
(4) sustains a claim of former jeopardy; or
(5) grants a motion to suppress evidence, a confession, or an admission and if:
(A) jeopardy has not attached in the case;
(B) the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay; and
(C) the evidence, confession, or admission is of substantial importance in the case.

TEX. FAM. CODE § 56.03(b).

Under these circumstances, we conclude relator has met its burden of establishing it has no adequate remedy by appeal because it cannot appeal directly the alleged juvenile court's error and because any inspection of the phone undertaken pursuant to the order cannot be undone.

**CONCLUSION**

We conditionally grant in part and deny in part the petition for writ of mandamus. We direct the trial court to, no later than fifteen days from the date of this opinion, vacate (1) that portion of decretal paragraph 4 of its March 23, 2022 Order ordering "the cell phone of the Complaining Witness, in the possession of and/or owned by [her parents] be brought and presented to the Court for the Court, and Court only, for in-camera inspection," and (2) the entirety of decretal paragraph 5 of its March 23, 2022 Order. That portion of its March 23, 2022 Order ordering "that no communications are to be deleted, modified, destroyed, manipulated, or hidden by any party prior to presentation to the Court" remains in place. We deny the petition for writ of mandamus in all other respects.

Lori I. Valenzuela, Justice