**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00357-CV**
_____

**IN RE TERRY EUGENE WOODWORTH**

**Original Proceeding**
**9th District Court of Montgomery County, Texas**
**Trial Cause No. 19-07-09306-CV**

**MEMORANDUM OPINION**

In an original proceeding for a writ of mandamus, Terry Eugene Woodworth contends that the trial court abused its discretion and committed reversible error in April 2021 by proceeding to trial on the State's petition to have Woodworth committed as a sexually violent predator and by having Woodworth appear at his trial through use of videoconferencing technology in violation of Woodworth's statutory right to be physically present for the trial under the version of Health and Safety Code section 841.061 that was in effect on the date of his trial. *See* Tex. Health & Safety Code Ann. § 841.061(d)(1); *see also In re Commitment of Bluitt,* 605 S.W.3d 199, 204 (Tex. 2020) (the right to appear at trial granted by section

1

841.061(d)(1) includes the right to appear in person); *but see Thirty-Sixth Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 897 (Tex. 2021).

We may grant mandamus relief to correct a trial court's abuse of discretion when an appeal provides an inadequate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "[M]andamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding). A person may appeal following his commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.146(b). In fact, Woodworth did appeal the trial court's final judgment and order of civil commitment. *See In re Commitment of Woodworth*, No. 09-21-00176-CV, 2022 WL 17491819 (Tex. App.—Beaumont Dec. 8, 2022, pet. denied). Woodworth seeks to challenge the final judgment and order of commitment, but he cannot do so through mandamus even if his appellate remedy is no longer available. *See In re Robertson*, No. 14-16-01013-CV, 2017 WL 506807, at *2 (Tex. App.—Houston [14th Dist.] Feb 7, 2017, orig. proceeding [mand. denied]).

Woodworth asks this Court to compel the trial court to reverse the final judgment and order of civil commitment. In 2022, this Court affirmed the trial court's final judgment and our mandate has issued. *See Woodworth*, 2022 WL

2

17491819, at *5. Woodworth has not shown that he presented his current complaint to the trial court, but if he had the trial court would be bound by our mandate in the appeal. *See* Tex. R. App. P. 51.1(b).

We deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on December 6, 2023
Opinion Delivered December 7, 2023

Before Golemon, C.J., Johnson and Wright, JJ.